GREEN, executor, &c. *vs.* McARTHUR and others.

Where a composition deed contains a condition that if any one of the composition notes is not paid, at maturity, the original indebtedness shall revive, a mere notice from the makers, that the notes will not be paid, will not excuse the holders from demanding payment, at the place where the notes are made payable.

If the makers of the notes place the money in the bank, to pay them, the failure to pay does not occur, and the original debt is not revived; notwithstanding such notice.

THE plaintiff sued as indorsee of a note, made by the defendants, and delivered by them to David Douglass & Co.   A composition deed was executed between the defendants and their creditors (including Douglass & Co.) containing a condition that, if any one of the composition notes was not paid at maturity, the original indebtedness should revive. Before the first composition note given to Douglass & Co. matured, the defendants gave them notice that the composition notes would not be paid; whereupon Douglass & Co.

Green *v.* McArthur.

tendered back the composition notes, and sold the original note (through their broker) to the plaintiff. The court held that the defendants put an end to the composition, by giving notice that it could not be performed on their part; and that the original note was thereupon revived. Judgment in favor of the plaintiff, at special term, from which the defendants appealed.

*Rich'd O'Gorman,* for the appellants.

*J. M. Van Cott,* for the respondent.

*By the Court,* INGRAHAM, J. The plaintiff held the rights of Douglass & Co. at the commencement of the suit. Those rights were to have the claim on the original note revive in default of payment of the notes given on the compromise. The notice from the defendants that the compromise notes would not be paid, was not sufficient to relieve Douglass & Co. from the duty of demanding payment of the notes at the Tradesman's Bank, where they were made payable.

The compromise was originally binding, on the ground that the other creditors were parties to the contract. They had not assented to this notice. Their rights could only be affected by a presentment of the notes for payment.

We think it makes no difference whether the other creditors were paid under the first deed or not. The money was provided for the payment of the plaintiff's notes, and they should have been presented, notwithstanding the notice.

As the defendants placed the money in the bank to pay the notes given on the compromise, the failure to pay has not taken place, and the original debt was not revived.

Judgment reversed and new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Ingraham* and *Gould,* Justices.]